Matthias, J.
 

 The relator in his demand for a lease of the public music hall of the Cleveland auditorium and in his application for a writ of mandamus to compel the execution of such lease proceeds upon the theory that it is the absolute right of any applicant who proposes to meet the general terms prescribed for the use of such hall to have a lease thereof for the period designated.
 

 The question presented must be disposed of upon that theory. The relator, being a citizen of the state of New York, and neither a citizen nor a taxpayer of the city of Cleveland, cannot be heard to urge the cause of Cleveland taxpayers and demand the use of such hall upon the claim that the city officials in charge of the auditorium by their policy of management will cause the city to suffer a loss of revenue. The Cleveland auditorium was built by funds derived from bond issues authorized by vote of the electors of that city, and is under the complete control of the city, through its duly designated officers, to whom such duties are delegated. The city in this respect is acting in a proprietary capacity and has the same duties, obligations and responsibilities, and also the same rights and powers, as other like proprietors.
 
 Travelers Ins. Co.
 
 v.
 
 Village of Wadsworth,
 
 109 Ohio St., 440, 142 N. E., 900, 33 A. L. R., 711.
 

 Apparently conceding the proprietary capacity of the city in respect to ownership, control and operation of the public music hall as well as other portions of the auditorium, counsel for the relator asserts that such building is in the nature of a public utility, and
 
 *234
 
 that in its operation the city must accord to all who may apply therefor the use and service of said public music hall upon like terms and conditions, and that a denial of his application results in a discrimination or preference, which is unlawful. There is no substantial basis for this claim.
 

 Counsel for relator argues that, where a railroad company establishes rates and commutation tickets, refusal to sell certain individuals tickets under the same circumstances and upon the same conditions as such tickets are sold to the rest of the public is an unjust discrimination for which mandamus will lie. This analogy, however, can only apply to tickets of admission to the public music hall. Undoubtedly a railroad company may control its buildings and is not required to execute leases for space therein to any and all applicants.
 

 This public music hall is devoted to no governmental purpose, and is not employed in carrying on or maintaining any governmental function. The relator relies upon the provisions of Section 159-1 of an ordinance of the city of Cleveland, which provides that the Cleveland auditorium and stadium shall be administered and controlled by “the commissioner of the Cleveland Auditorium and Stadium.” It provides that “he shall have power from time to time to enter into contracts with persons desiring to lease such Cleveland Auditorium * * * or parts of either, under such rules as may be established by the board of control.” Relator seems to construe this provision as a requirement on the part of the commissioner to lease such auditorium or any part of it to whomsoever may apply. It clearly appears from the agreed statement of facts that a policy with reference to the leasing of this public music hall has been adopted which precludes the leasing thereof for theatrical performances such as are usually provided for by privately owned theatres in the city of Cleveland, and
 
 *235
 
 that is the basis of the refusal to permit the relator to have the use of the public music hall.
 

 In our opinion there can be no question that the rental, use and occupancy of the auditorium and any part thereof, are within the power and control of the municipality, acting through its public officers to whom such duties and powers have been duly delegated.
 

 The Court of Appeals properly refused the writ of mandamus, and its judgment is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Day, Allen, Kinkade and Stephenson, JJ., concur.