Weygandt, C. J.
 

 The first question for determination is whether it was prejudicially erroneous for the trial court to charge the jury on the subject of common-law negligence not involving the element of nuisance.
 

 To simplify and shorten this discussion, it should be noted that the defendant municipality here acted in a governmental rather than a proprietary capacity in the construction and maintenance of its park with a swimming pool for the use and benefit of the general public.
 
 City of Mingo Junction
 
 v.
 
 Sheline, Admx.,
 
 130
 
 *225
 
 Ohio St., 34, 196 N. E., 897 ; 57 A. L. R., 402. This seems to he conceded by the plaintiff. Therefore under the settled rule the defendant incurred no liability in tort by reason of any common-law negligence.
 
 City of Akron
 
 v.
 
 Butler,
 
 108 Ohio St., 122, 140 N. E., 324;
 
 City of Wooster
 
 v.
 
 Arbens,
 
 116 Ohio St., 281, 156 N. E., 210, 52 A. L. R., 518. Consequently it was' erroneous for the trial court to charge the jury on this subject. However, the plaintiff seeks to avoid this difficulty in two interesting but untenable ways. First he insists that in fact the charge of the trial court related to nuisance and not to negligence. The difficulty with this contention is that it is not substantiated by the record. Nowhere in the written requests for special instructions or in the general charge is there a definition of the term “nuisance,” or any reference whatsoever to the provisions of Section 3714, General Code, upon which the plaintiff bases his entire claim, and without which statute no such action would lie against the defendant municipality; the plaintiff made no oral request with reference thereto; and, when ruling upon the defendant’s motion to elect, the trial court said, “I don’t think he indicated it is a nuisance.” The plaintiff’s second contention in this' respect is that even if the charge did deal with the subject of negligence and not with nuisance, this was entirely proper.
 

 Section 3714, General Code, upon which his petition is based reads as follows:
 

 “Municipal corporations shall have special power to regulate the use of the streets, to be exercised in the manner provided by law. The council shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts, within the corporation, and shall cause them to be kept open, in repair, and free from nuisance.”
 

 The plaintiff insists that under the provisions of this statute he is permitted to predicate his action upon
 
 *226
 
 negligence not involving the element of nuisance, although he cites no case in which this court has made such a pronouncement. The plaintiff, it should be noted, makes no claim that the swimming pool was not “open,” or that it was not “in repair.” Clearly, therefore, under the limited statutory language requiring a municipality to keep its public grounds “open, in repair, and free from nuisance,” the plaintiff is relegated to the nuisance theory alone; and this should be especially evident when it is remembered that Section 3714, General Code, is in derogation of the common law.
 
 City of Wooster
 
 v.
 
 Arbens, supra.
 
 Of course it must be conceded that the elements of negligence and nuisance frequently coexist, but the terms are not synonymous. It has been said that negligence is a failure to use such care as persons of ordinary prudence are accustomed to exercise under the same or similar circumstances, while a nuisance is that which causes hurt, inconvenience, annoyance or damage to the rights of another or the public. The latter term is derived from the French word “nuire,” meaning to do hurt or annoy, and does not rest upon the degree of care used, but upon the injury done, irrespective of the care exercised. 30 Ohio Jurisprudence, 310; 20 Ruling Case Law, 381; 46 Corpus Juris, 663.
 

 Thus the Court of Appeals' properly reversed the trial court for charging the jury on the subject of negligence.
 

 The remaining question to be considered is whether the Court of Appeals was correct in remanding the case for trial on the issue of nuisance. Does the record contain evidence tending to show that the swimming pool constituted a nuisance?
 

 In his first cause of action the plaintiff pres'ents this complaint partly as follows:
 

 “Plaintiff further says that some time prior to June, 1932, the defendant constructed and maintained within said Waterworks Park a swimming pool to which the
 
 *227
 
 defendant invited the residents and citizens of the City of Cuyahoga Falls; that the defendant erected and maintained at one side of said swimming pool a spring diving board; that the water at this point where the said diving board was erected and maintained was of a depth of approximately three (3) feet; that there were no signs of any kind in the vicinity of this said diving board to indicate to this plaintiff and other users of said board the depth of the water at this point or to warn this plaintiff and other users that here said water was shallow; that the defendant gave this plaintiff no warning of any kind either by signs or otherwise of the depth of the water or of its shallow state at this diving board. Plaintiff says that this defendant had knowledge of all these facts and conditions which have hereinbefore been alleged and of the nuisance thereby created within said public park or grounds.
 

 “Plaintiff further says that on or about the 29th day of June, 1932, he visited said Waterworks Park and pool for purposes' of swimming; that this was the first time the plaintiff had ever visited said Park and pool for the purpose of swimming; that plaintiff dived from said spring diving board which the defendant had erected and maintained and into the shallow water of said pool at this place, striking his head against the bottom of said pool and causing the injuries to the plaintiff hereinafter set forth, which injuries were the proximate result of the nuisance created and maintained by the defendant within said public park or grounds.”
 

 The evidence shows the undisputed operative facts that the pool was oval in shape; that it was approximately 300 feet long and 125 feet wide; that the defendant municipality had constructed two diving boards — a small one and a large one; that the former projected from a platform erected on the west bank, while the large one was located on a float in the north central part of the pool; that the large board was 16
 
 *228
 
 feet in length, and the small one was but 6 or 8 feet; that the large board was 3 or
 
 á
 
 feet above the level of the water, while the small one was but 1 or 2 feet above it; and that the depth of the water under the large board was 5 feet and under the small board 3 feet.
 

 In his brief the plaintiff states that “the only disputed point of fact before the court was as to the existence or non-existence of a sign indicating the depth of the water * * Several of the defendant’s witnesses testified affirmatively that there were such signs, while most of the plaintiff’s witnesses stated that they
 
 did not see
 
 a sign. Therefore if this conflicting evidence be determinative of the question of nuisance, the matter should be submitted to a jury. However, assuming for the sake of argument that there was no evidence of the existence of signs, do these circumstances tend to show that this swimming pool constituted a nuisance? In other words, what was there about these conditions that should endanger the safety of the public? Manifestly this pool was constructed for the use and enjoyment of children and adults. The large, long, high diving board was properly located above the deepest water near the center of the pool. The small, short, low board was with equal propriety placed at the edge of the pool where the water was shallow. Had the position of these boards been reversed, or had there been but one board, undoubtedly severe criticism would have resulted. Of course if the defendant municipality maintained signs indicating the depth of the water, this was a highly proper and advisable thing to do; but even if it be assumed that this additional precaution was not taken, this court is' clearly of the opinion that these circumstances alone do not tend to prove this swimming pool a nuisance. Consequently the Court of Appeals was in error in remanding the case for trial on this issue.
 

 The defendant further contends that as an adult experienced swimmer the plaintiff was guilty of con
 
 *229
 
 tributory negligence when he attempted a “jack knife” dive from the small board without first observing his surroundings. However, the views thus far expressed render it unnecessary to consider this or the remaining contentions of counsel.
 

 The judgment of the Court of Appeals must be affirmed as to the issue of negligence and reversed as to the remand upon the question of nuisance. Final judgment is entered for the defendant.
 

 Judgment reversed in part and affirmed in part,
 
 .
 
 and final judgment for appellant.
 

 Jones, Matthias and Zimmerman, JJ., concur.
 

 Myers, J., not participating.