Hart, J.
 

 The record in this case presents for decision the questions whether the relatrix was regularly appointed to a position in the classified service, and what was the date of that appointment.
 

 She was certified by the Civil Service Commission to the Unemployment Compensation Commission as eligible for appointment to the position of senior interviewer ; by resolution of the latter commission duly adopted, her appointment was approved and made as a senior interviewer for the Cleveland unemployment office to become effective when she should report for work; she was notified as to such appointment all in regular order; and, as a matter of fact, she began work as such employee on December 27,1938, and continued until the date of her discharge.
 

 The report of her appointment and employment as senior interviewer, required by Section 486-13, General
 
 *572
 
 Code, was not sent back to the Civil Service Commission until February 10, 1939. The necessity of filing this report with the Civil Service Commission as a prerequisite to employment is hereinafter considered. The court is of opinion that these steps, in the order named, completed her appointment to a position in the Unemployment Compensation Commission.
 

 Unknown to relatrix, it seems that she was carried on the unemployment compensation records and perhaps on the civil service records as an emergency employee and was not reported as being appointed senior interviewer until February 10, 1939. But, since the record of her appointment shows that she was appointed as senior interviewer, that Section 6 of Rule 7 of the Civil Service Commission provides, “the name of an eligible shall not be certified for temporary appointment unless he has signified his willingness to accept temporary employment,” and that she did not consent to any emergency or temporary appointment, her appointment was to the position of senior interviewer, and not to that of a temporary or emergency employee.
 

 It is claimed by the respondent that since the report of the appointment of relatrix as senior interviewer was not made to the Civil Service Commission until February 10, 1939, her appointment became effective as of that date, and that as a result, her discharge on May 10, 1939, was within the probationary period and proper under Section 486-13, General Code. The relatrix, however, claims that her appointment became effective December 31, 1938, and that such effective date did not depend upon the report of such appointment to the Civil Service Commission.
 

 The determination of this question depends upon the construction to be given to Section 486-13, General Code, as to whether it is directory or mandatory in character and an essential prerequisite to the effectiveness of the appointment. The evident purpose of
 
 *573
 
 this required report is to perfect the records of employment and to provide payroll records in the office of the Civil Service Commission. The report constitutes no essential step in the regular routine by which a person on a competitive classified list in the civil service is appointed to a position in such service. In the opinion of the court, the appointment of relatrix became effective as of December 31,1938, and since her probationary period of employment had expired before May 10, 1939, she could not then be removed except for cause. Her discharge was, therefore, wrongful.
 

 The writ will be allowed.
 

 Writ allowed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers and Matthias, JJ., concur.