**STATE, EX REL HELSEL, Plaintiff-Appellant, v CUYAHOGA COUNTY BD. OF COMMR., Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20759. Decided January 12, 1948.

Sindell & Sindell, Cleveland, Schweid, Snyder, Torbet & Zucker, Cleveland for plaintiff-appellant.

Frank T. Cullitan, Squire, Sanders & Dempsey, Ralph Edwards, Cleveland, for defendants-appellees.

## OPINION

PER CURIAM:

This action in equity for injunctive relief comes to this court on appeal on questions of law and fact from a judgment of the common pleas court wherein a finding and decree were entered for defendants.

Essentially this is an action involving the right of the power of eminent domain in the appropriation to public use of land, buildings and other facilities for county airport purposes in pursuance of a vote of the people of the county authorizing the issuance of bonds in the sum of $510,000.00 for such purpose.

Plaintiff is a resident and taxpayer of the county, and the owner of real property in the Village of Richmond Heights, and brings this action on behalf of himself, on behalf of the county, and on behalf of the Villages of Richmond Heights and Highland Heights, and on behalf of all taxpayers of the County and on behalf of all property owners and residents of said Villages.

Defendants are the Board of County Commissioners, the County Treasurer, the County Auditor and Curtiss-Wright Inc., a Delaware corporation duly authorized to do business in the State of Ohio.,

The pertinent part of the prayer of plaintiff's petition is:

"* * * that upon final hearing hereof the court order the defendant corporation to refund the $200,000.00 to the defendant Board, and that the defendant Board, be ordered to convey the land herein involved to defendant Corporation; that the notes involved herein be declared null and void and be therefore cancelled, and that the defendant Board be ordered to refund to the banks the monies loaned by them; that the public officials involved be enjoined from advertising, issuing or selling bonds to obtain funds for the financing of the hereinabove described transaction; that the plaintiff be awarded attorney fees, his costs herein and such other and further relief as this court deems him entitled to under the circumstances and facts of the case."

The parties have filed a stipulation in this court, the substance of which is as follows:

"First: That this appeal shall be heard and determined upon a transcript of the evidence and proceedings in the common pleas court and filed herein, except for the additional evidence hereinafter set forth, if admissible and Second: That the plaintiff appellant proffers as additional evidence in this court a letter written subsequent to the trial, from George W. Vest, Regional Administrator of the Civil Aeronautics Administration of the Federal Government to Mr. Proctor Nye, Commissioner in the Department of Public Properties of the City of Cleveland, under date of April 14, 1947, a copy of which is hereto attached and marked 'Exhibit A' the defendants, however, reserving objections which they make to the admissibility of said letter while admitting its genuineness."

The objection of defendants to this proffer of the letter is overruled and the same is admitted in evidence in this court. This court also admits in evidence Exhibit 45 entitled "Cleveland Regional Airport Plan" which was excluded by the trial court.

The property sought to be acquired by the Board of County Commissioners consists of approximately 274 acres of land with buildings thereon, owned by the defendant, Curtis-Wright Inc. The record shows that this property had been purchased by Curtiss-Wright and had been partially developed and used by said corporate defendant as an airport up to the year 1932.

There is evidence in the record tending to show that in the purchase and development of this property as an airport, Curtiss-Wright Inc., expended approximately $600,000.00. The record also shows that this property is now being acquired by the county for the sum of approximately $200,000.00.

The plaintiff claims that the acts of the County Commissioners and other public officials in the acquisition of this property for the purposes of an airport constitutes a gross abuse of discretion tantamount to fraud.

We have carefully examined the entire record including the evidence and proceeding in the common pleas court and the additional evidence in this court and we find no evidence of any kind indicating fraudulent conduct on the part of the Board of County Commissioners or other defendants in this action.

So far as the value of the land is concerned, there can be no reasonable claim of fraud by way of excessive expenditure when the price to be paid by the county is approximately 1/3 of the estimated original cost of acquisition and development of this property sixteen years ago.

We have given careful consideration to all of the issues raised by the pleadings including the question of the constitutionality of §2433-2 GC which confers authority upon counties to own and operate airports, the question of whether or not the zoning ordinances of the Village of Richmond Heights and Highland Heights supersede the right of eminent domain exercised by the state or the county as a subdivision thereof; the question of whether or not the injunction issued in the case of Swetland v Curtiss-Wright Inc., 55 Fed. (2d) 201, is an insurmountable impediment to the acquisition of this property by the county as claimed by the plaintiff; and the claim of the plaintiff that the county plans to use the airport for private purposes, and as well as the other allegations of plaintiff's petition.

We have also given careful consideration to the arguments of counsel presented orally and by way of able and exhaustive briefs.

We find that we are in full accord with the judgment of the Court of Common Pleas for the reasons set forth in the

opinion of the trial judge, wherein the questions of fact and propositions of law applicable thereto are fully and ably discussed. We think that nothing would be gained by a repetition of this discussion. However, we think it is well to emphasize the proposition that it does not lie within the province of judicial authority to substitute its judgment for the judgment of administrative boards acting within the bounds of delegated authority and proper discretion. It is only when there is a gross abuse of discretion or a want of constitutional or necessary statutory authority that the judicial branch of the government may intervene by the injunctive process. We see no cause for such intervention in the case at bar.

Therefore, a finding and decree will be entered for defendants appellees on all issues and a journal entry may be prepared accordingly.

HURD, PJ, MORGAN, J, SKEEL, J, concur.