**ZIMBELMAN, Plaintiff-Appellee, v. ATKINSON, et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4163. Decided November 18, 1948.

Jerome Goldman, Cincinnati, for plaintiff-appellee.

Eagleson & Laylin, Columbus, for defendant-appellant, Herschel C. Atkinson

Vernon W. Wenger, Columbus, for defendant-appellant, New York Casualty Company.

48

## OPINION

By THE COURT.

The appeal is on questions of law. Fifteen errors are assigned. No. 1 is directed to the overruling of motions of the defendants to strike certain matter from the reply of the plaintiff. Nos. 2 and 3, error in overruling motions of defendants to direct a verdict in their behalf at the conclusion of plaintiff's evidence and at the conclusion of all the evidence. (4) Error in overruling motions of defendants for judgment on the pleadings. (5) Error in overruling motion of the defendant for judgment notwithstanding the verdict. (13) The verdict of the jury, as against the defendant-appellant, Herschel C. Atkinson, is excessive and manifests the result of passion and prejudice. (15) Other errors apparent upon the face of the record and prejudicial to the defendants. These numbered assignments are found not to be well taken, without comment.

The 7th, 8th and 9th assignments are directed to claimed errors in the special charges given at the request of the plaintiff, special charges refused as requested by the defendants, and error in the general charge. The 10th is error in overruling defendant's motion for new trial; 11th, 12th and 14th, the verdict is contrary to law and the evidence and the judgment is contrary to law.

In discussing this appeal we will speak of the appellant, Herschel C. Atkinson, defendant-appellant, only, as the rights and liabilities of the appellant, New York Casualty Company, are well defined and controlled by the validity and scope of the judgment against defendant-appellant, Atkinson.

Although counsel have exhaustively argued this appeal in briefs totalling 117 pages, the questions which are dispositive of the appeal are few and do not require extended elaboration.

The claim of the appellee is that she was duly appointed Clerk, Grade 3, in the Classified Service at Cincinnati office for a term beginning December 20, 1938; that her appointment was made from an eligible list certified by the Civil Service Commission and that succeeding her appointment, appellant took the office of Administrator of the Bureau of Unemployment Compensation and by his wrongful acts and conduct, solely for political reasons and based upon corrupt motives, caused appellee to be dismissed and eventually, after

she had been reappointed, to relinquish her position on or about May 16, 1939, as a result of which she suffered compensatory and punitive damages.

The answer of appellant averred that a list carrying appellee's name as appointee, Clerk Grade III, Cincinnati office, together with other proposed appointees totalling 349, was reported to the State Civil Service Commission, at a salary of $80.00 per month, each, instead of the normal starting rate of $70.00 per month; that after appellant assumed office, he discovered these facts, conferred with the State Civil Service Commission, learned that the appointments had not been approved by it and were subject to recall and thereafter he requested the recall of the proposed appointments, which request was granted by the commission, and that all of the appointees thus withdrawn had the status of temporary emergency employees and were subject to dismissal; that appellant dismissed all of the 349 and reappointed most of them at $70.00 per month from the eligible list but did not reappoint the plaintiff.

The reply admitted appellant's reorganization of the Unemployment Compensation Department; alleged that its sole purpose was to institute patronage and the spoils system in the employment of all personnel and to replace employees of a different political faith from that of the defendant, Atkinson, with other employees; admitted that Atkinson had received advice and assistance from the Attorney General and the Civil Service Commission and alleged that the Attorney General had attempted to assist Atkinson in carrying out his alleged corrupt political scheme. The reply was rather extended but renewed the issue of good faith on the part of the appellant and asserted that as soon as the eligible list from which the appointment of Clerks, Grade III, had been made expired, provisional appointments were made at $80.00 per month and on a political basis.

The principal question arising on this appeal is whether or not the evidence supported the charge of the court to the jury that the appellee was duly and regularly appointed as Clerk, Grade III, in the Classified Service and that such appointment was permanent in character and not temporary. This question is simplified by the facts which disclose that appellee, after a competitive Civil Service examination for the position to which she was appointed, was placed second upon the eligible list; that on December 20, 1938, she was notified by the Unemployment Compensation Commission that she was appointed to the position of Clerk, Grade III, Cincinnati office, at a salary of $80.00 per month. She reported for

work and was assigned to service on December 23, 1938. On January 16, 1939, the eligible list, upon which was plaintiff's name, was officially certified by the Civil Service Commission and plaintiff was duly notified of the action of the Commission. Not withstanding the aforesaid action, prior to February 9, 1939, appellee had been carried on the rolls of the Unemployment Compensation Commission and the Civil Service Commission as a temporary employee but on the aforesaid date the Unemployment Compensation Commission made an appointment of appellee and she was named as a permanent appointee to the position in which she had been serving and the salary was fixed at $80.00 per month, noted as effective February 10, 1939. Thereupon the records of the Unemployment Compensation Commission were accordingly changed. The report of the appointment was made to the Civil Service Commission and the Department of Finance but the appointment was not entered upon the records of the Civil Service Commission.

The record of the certification from the Civil Service Commission to the Unemployment Compensation Commission of the list for appointment of Clerk, Grade III, Cincinnati office, carrying the name of plaintiff as eligible for appointment, the notations of the Civil Service Commission thereon, testified to indicate appointment of plaintiff of date January 21, 1939, the telegram to her of December 20, 1938, saying that she had been appointed clerk at the designated pay of $80.00 per month, without any qualification that the appointment was of a temporary nature, and instructing her to report for work, her acceptance of the employment, her later removal and thereafter her reinstatement after an action predicated upon her claim that she was an appointee in the Classified Service, support the conclusion of the jury that she had a permanent appointment in the Classified Civil Service as of the date claimed by her. The letter from defendant of March 18, 1939, admits the appointments of Clerks, Grade III, at the rate of $80.00 per month, although there is a request that such appointments be recalled from classifications. The appointment conforms to the requirements of §486-13 GC, and is, in the main, supported by **State, ex rel. Hoornstra v. Atkinson, Admr., etc., 136 Oh St 571.**

The mere failure of the Civil Service Commission to make proper formal entry of an appointment otherwise regularly made and certified to it would not affect the validity of such an appointment. State, ex rel. Hoornstra v. Atkinson, supra.

Without discussing the testimony on the subject, which was extended, we are satisfied to say that it discloses that the plaintiff was regularly and permanently named as a Civil Service appointee to the position in which she served and the charges of the court to that effect were correct.

Plaintiff having attained the status of a regular Civil Service appointee, she was entitled to retain her position during good behavior and efficient service and could only be separated from the service in the manner prescribed by statute, which admittedly was not pursued, in bringing about her removal. Plaintiff's special charges Nos. 4, 5 and 6 were therefore correct.

The 6th assignment, in the main, is directed to testimony, the purpose of which was to support the claim that the appellant in his acts leading up to the dismissal of the plaintiff acted for political reasons and with corrupt motives and all related to good faith in the steps by him taken. An examination of this evidence discloses that although some of it is remote, we cannot say that any of it may not have had some probative effect upon the material issue of good faith and motive and was competent not only as proof as related to compensatory damages but also on the further question whether or not punitive damages should be awarded and, if so, to what extent.

The 11th, 12th and 14th assignments in conjunction with the 10th, the overruling of the motion for new trial, require determination whether or not the verdict and judgment are against the weight of the evidence or contrary to law.

We cannot support the conclusion that any of these assignments is well made. The issues between the parties were distinctly drawn and the respective claims of the parties were well developed in the testimony. We have held in **Rowley v. Ferguson, et al., 37 Abs 531,** 48 N. E. (2d) 243, that the appointing power does not have jurisdiction to remove an employee in the permanent classified Civil Service in the absence of complaint, notice and opportunity to be heard, and that such appointing authority could properly be held for damages in his individual capacity for improperly discharging an employee in the permanent classified Civil Service (1st and 5th syllabi).

Upon this record it appears that the appellee was an employee in the permanent classified Civil Service; that she was removed from her employment and no charges were preferred against her. The extent of her damage was a factual question and she was entitled to the judgment of the jury, not only upon the issue of compensatory damages but upon the issue of punitive damages as well.

Finding no error assigned established the judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.