Matthias, J.
 

 Does the petition of the relator state-a cause of action warranting relief by mandamus?
 

 The payment of compensation to employees who have incurred occupational diseases is limited in this state to certain enumerated types of disease and no-direct appeal to the courts has been provided where compensation is denied. Arbitrary, unreasonable and unlawful orders of the Industrial Commission may properly be attacked by an action in mandamus but no-relief may be granted unless the relator shows gross abuse of discretion of the commission.
 

 The question presented to this court by the facts-alleged in the petition involves the determination of a purely medical question of fact. The determination of such a question as the relator presents here, that is whether the complicating diseases of pulmonary emphysema and asthmatic bronchitis were caused by the silicosis condition, is so clearly a question of fact that the granting of a writ by this court would be in effect a requirement that the Industrial Commission determine a question of fact in the manner in which this court believes it should have been found and determined. It is clear that there was a positive difference of opinion between the medical authorities constituting the silicosis referees and the medical board of review
 
 *297
 
 of the Industrial Commission on the one hand and the physicians who examined the relator on the other. In such a situation the relator obviously does not show a clear right to relief by way of mandamus and under the well established rule such a writ will not issue.
 

 This court has repeatedly declared that the Industrial Commission should so prepare its findings and orders that the reason for the denial of compensation is clearly stated. The relator was no doubt greatly handicapped in the presentation of his case by the fact that the recommendation of the denial of his claim by the silicosis referees and the medical board of review was based on the finding that relator had <£simple” silicosis. Complicated as it was with other diseases, the use of such language certainly accorded the relator no definite finding on which he could offer additional evidence before the medical board of review and there is some merit in his claim that this silicosis should have been classified. Failure to so classify his silicotic condition indicates that there may not have been sufficient consideration of the facts presented to the referees. Where the General Assembly has provided no appeal to the courts, special effort should be made by the Industrial Commission to clarify the issues so that a claimant may have a full and complete hearing and consideration of his claim for compensation.
 

 The relator claims that because he does not have the opportunity to determine whether the medical board of review is composed of persons interested in the affairs of a self-insurer, he is not protected from possible biased action on their part. The same objection could be raised against almost any administrative official and necessarily some reliance must be placed upon the good faith of such officials. Bad faith will not be presumed.
 

 
 *298
 
 The demurrer of
 
 the
 
 respondents is sustained and,, relator not desiring to plead further, a writ is denied.
 

 Demurrer sustained and writ denied.
 

 \
 

 Weygandt, C. J., Hart, Zimmerman, Stewart,. Turner and Taet, JJ., concur.