The commission found "that proof of record fails to show that the claimant has suffered three years of exposure to silica dust in his employment in the state of Ohio." This is the only question properly before us.
If this finding is supported by sufficient evidence, the judgment of the Court of Appeals should be affirmed. It is the claim of relator that there is no evidence to support such finding. *Page 472 
In the Industrial Commission's file is to be found the following:
"With the claimant's motion filed on June 30, 1947 there has also been filed under the same date, an application for review of the occupational disease claim. In support of the motion for reconsideration an analysis of the silica content of the grinding wheels made use of by the employer, was enclosed. This analysis which is not signed and does not show by whom the analysis was made, indicates the silica content of the various wheels ranging from 0.3% silica to 11.2% of silica.
"Opposed to this proof is the report of safety advisor L.M. Merritt under date of December 4, 1946 showing that there was no silica sand or silica flour or other material containing free silica in the area where the claimant was engaged in work.
"In view of this record the previous order of the commission appears to be supported by the proof on file and the motion should be denied.
"By reason of the fact that denial of this claim was based on jurisdictional grounds and is not based on the medical issues involved in the claim, the application for review of the occupational disease claim should be dismissed.
"Recommendation:
"This claim coming on this day for further hearing upon the motion and the application for review of the occupational disease claim filed on June 30, 1947 together with the further proof, the Commission upon due consideration thereof find that proof of record fails to show that the claimant has suffered three years of exposure to silica dust in his employment in the state of Ohio, and the motion is therefore denied and further, since the disallowance of this claim is based upon jurisdictional matters and does not involve the medical issues the application for review of the occupational disease claim is dismissed." *Page 473 
Notwithstanding that the denial of the claim was based upon jurisdictional grounds only, relator proceeds to discuss the case as if the medical issues were involved. Under the record we are limited to the single matter of jurisdiction. As disclosed by the above-quoted holding of the commission, the question of jurisdiction was based on finding of facts.
We do not pass upon the weight of evidence, being limited to ascertaining whether there was evidence pertaining to the point challenged.
As said by Judge Matthias, in the case of State, ex rel.Bevis, v. Coffinberry et al., Industrial Commission, 151 Ohio St. 293,296, 85 N.E.2d 519, "arbitrary, unreasonable and unlawful orders of the Industrial Commission may properly be attacked by an action in mandamus but no relief may be granted unless the relator shows gross abuse of discretion of the commission."
We have examined the commission's file and are unable to find that the commission grossly abused its discretion in holding that the commission was without jurisdiction.
Therefore, the judgment of the Court of Appeals should be, and hereby is, affirmed.
Judgment affirmed.
WEYGANDT, C.J., MATTHIAS, HART, ZIMMERMAN, STEWART and TURNER, JJ., concur. *Page 474