**SWETLAND v. CURRY et al.**

No. 11248.

United States Court of Appeals
Sixth Circuit.

May 9, 1951.

Robert J. Bulkley, Cleveland, Ohio, Robert J. Bulkley, James A. Butler, Cleveland, Ohio, on brief, for appellant.

Saul S. Danaceau, and A. M. Braun, Cleveland, Ohio, Frank T. Cullitan, Saul S. Danaceau and A. M. Braun, all of Cleveland, Ohio, on brief, for appellees.

Before HICKS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

ALLEN, Circuit Judge.

This case involves the question whether the commissioners of Cuyahoga County, Ohio, may be held guilty of contempt in proceedings arising out of the alleged violation of an injunction entered in a case to which the county was not a party, forbidding the use for airport purposes of land later appropriated by the county for an airport.

The District Court entered a decree against the Curtiss Airports Corporation and others, enjoining them from operating an airport upon the east side of Richmond Road, Cuyahoga County, Ohio, opposite land located on the west side of the road, then and now owned by appellant. The decree was modified in certain respects in this court, 55 F.2d 201, 83 A.L.R. 319, but the operation of an airport "as now located" was enjoined upon the ground of nuisance. The final decree on mandate, entered September 26, 1932, was directed to the de-

fendants "and each of them, their agents, employees, successors and assigns, and all persons and corporations, private or municipal, acting by or under their authority or direction, or deriving title to or right to possession of the property hereinafter described through any of them. * * *" It enjoined them, among other things, "from using or permitting others to use said property, or any part thereof, as a place for the warming up, landing, or taking off of aeroplanes."

The County of Cuyahoga, in 1946, instituted appropriation proceedings for the land in question and on December 30, 1946, acquired title from the Curtiss Airports Corporation. A taxpayer's suit was then filed, seeking to enjoin the expenditure of public funds for the airport, to cancel notes theretofore given, to refund the sum paid in the transfer, and asking for other appropriate relief. This suit was dismissed, State, ex rel. Helsel v. Board of County Commissioners, 79 N.E.2d 698, 37 O.O. 58, and the judgment was sustained in the Court of Appeals, 78 N.E.2d 694, 50 O.L.A. 338, and in the Supreme Court of Ohio, 149 Ohio St. 583, 79 N.E.2d 911. With full knowledge of the injunction and its terms, the county used the premises as a landing field and airport. A motion to show cause why the commissioners should not be cited for contempt was filed herein in the injunction case, and was followed by a motion to dismiss, which the District Court sustained.

Appellant contends that since the injunction was expressly directed to all persons and corporations, private or municipal, deriving title from the Curtiss Airports Corporation, it is binding upon the county commissioners. The District Court held that the county, under its powers of eminent domain and the appropriation proceedings, took not a derivative, but a new and pristine title. It also concluded that under Rule 65(d), Rules of Civil Procedure,[1] the injunction could not operate upon persons not party to the injunction suit in absence of proof that such persons are acting in concert or participation with the parties enjoined. No such proof was presented against the county.

As to the question of derivative title, the county acquired its title under appropriation proceedings pursuant to § 2433–2 and § 3677, General Code of Ohio. Section 2433–2 confers upon the taxing authority of any county the same authority, subject to the same limitations with respect to airports, landing fields, and other air navigation facilities as is conferred upon municipalities under § 3677 and § 3939, General Code of Ohio. Section 3677 grants to municipal corporations special power to appropriate, enter upon, and hold real estate within the corporate limits for the purpose, among others, of establishing airports, landing fields, or other air navigation facilities, and to operate such airports and landing fields. These powers are limited by Art. I, § 19, of the Constitution of Ohio, which provides that where private property shall be taken for public use, a compensation therefor shall first be made in money or first secured by a deposit of money.

Recognized texts declare that there are two theories as to the nature of eminent domain, (1) that on appropriation by an authorized governmental unit the public derives a new and pristine title, not from the owner, but independently; (2) that eminent domain is merely an exercise of the inherent sovereign power to compel a sale of the owner's interest in the property. In a state such as Ohio, whose constitution provides for advance payment of compensation for property taken for public use, it is said that the acceptance of the second theory is "almost inevitable." 1 Nichols on Eminent Domain (2d ed.), 72; 10 R.C.L. 15; 29 C.J.S., Eminent Domain, § 2, p. 777. Appellant therefore contends that the appropriation proceedings merely resulted in a compulsory sale of the interest of the Curtiss Airports Corporation; that there was

---

1. Rule 65(d). Rules of Civil Procedure, 28 U.S.C.A.
"Every order granting an injunction * * * is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

privity of estate between the county and the corporation; and that this fact compels the conclusion that the title of the county is derivative and not new and independent. The final decree of injunction expressly covered persons "deriving title" through the defendants enjoined.

Assuming, however, that privity of estate exists between Curtiss Airports Corporation and the county, this circumstance standing alone does not require the conclusion that the title is derivative. This was the precise holding in Duckett & Co., Inc. v. United States, 266 U.S. 149, 45 S.Ct. 38, 69 L.Ed. 216, in which Mr. Justice Holmes declared: "Whether or not for some purposes the new takers may be given the benefit of privity with the former holders, the accurate view would seem to be that such an exercise of eminent domain founds a new title and extinguishes all previous rights."

 The element of contract and meeting of the minds necessary to derivative title was lacking in the instant case. The eminent domain proceeding is in invitum, United States v. Southern Power Co., 4 Cir., 31 F.2d 852, 858, and carried on under the sovereign power of the state. In such proceedings the state acquires an independent title free of prior incumbrances. Duckett & Co., Inc. v. United States, supra; United States v. 25.936 Acres of Land, 3 Cir., 153 F.2d 277. This is also the law in Ohio. Doan v. Cleveland Short Line Ry. Co., 92 Ohio St. 461, 112 N.E. 505. Cf. State, ex rel. Helsel v. Board of County Commissioners, supra, 79 N.E.2d at page 706.

 Moreover, the county, not having been made a party to the injunction suit, was not bound in contempt proceedings by the restraining order entered against the Curtiss Airports Corporation. While certain old decisions make broad statements to the effect that one who knows of an injunction is bound by its terms, Cf. In re Lennon, 166 U.S. 548, 17 S.Ct. 658, 41 L.Ed. 1110, an examination of the cases shows that the limitation formerly written into § 383, 28 U.S.C., and now carried into Rule 65(d), is in general adhered to. Even in the Lennon case, Lennon, who was not a party to the original injunction suit, aided and abetted the railroad enjoined in its refusal to transport goods of the railroad citing him for contempt. In Rodman v. Rogers, 6 Cir., 109 F.2d 520, the defendant enjoined formed a corporation in order to avoid the effect of the injunction and the corporation was held to be bound. The weight of authority is clearly in favor of the proposition that a person not a party to an injunction suit may not be held guilty of contempt for violating the injunction unless he is shown to be identified with or is an aider and abettor of the party originally enjoined. No better statement of the rule has been made than that by Judge Learned Hand in Alemite Mfg. Corp. v. Staff, 2 Cir., 42 F.2d 832. The opinion states that one who knowingly assists a defendant in violating an injunction subjects himself to proceedings for contempt, but continues: "On the other hand no court can make a decree which will bind any one but a party; * * * it cannot lawfully enjoin the world at large, no matter how broadly it words its decree. * * * It is not vested with sovereign powers to declare conduct unlawful; its jurisdiction is limited to those over whom it gets personal service, and who therefore can have their day in court. * * * This means that the respondent must either abet the defendant, or [he] must be legally identified with him. * * *"

This case was cited with approval in Chase National Bank v. City of Norwalk, 291 U.S. 431, 437, 54 S.Ct. 475, 477, 78 L.Ed. 894, in which the Supreme Court rejected the contention that an injunction issued by a federal court operated against the State of Ohio because it had full notice of the existence of the injunction at the time it instituted the ouster proceedings attacked in the suit. The opinion stated that "by extending the injunction to 'all persons to whom notice of the injunction should come,' the District Court assumed to make punishable as a contempt the conduct of persons who act independently and whose rights have not been adjudged according to law." Cf. Regal Knitwear Co. v. National Labor Relations Board, 324 U.S. 9, 65 S.Ct. 478, 89 L.Ed. 661.

844

The instant case does not involve the liability of a private party, successor in title, for violation of a restrictive covenant running with the land. Cf. Rivera v. Lawton, 1 Cir., 35 F.2d 823.

Whether under the Ohio law which makes municipal corporations liable for the conduct of proprietary functions, City of Barberton v. Miksch, 128 Ohio St. 169, 190 N. E. 387; State ex rel. White v. City of Cleveland, 125 Ohio St. 230, 181 N.E. 24, 86 A.L.R. 1172, and in case of nuisance arising out of the performance of governmental functions, Harris, Adm'x v. Findlay, 59 Ohio App. 375, 18 N.E.2d 413. Cf. Selden v. City of Cuyahoga Falls, 132 Ohio St. 223, 6 N.E.2d 976, appellants have a remedy for damages or for injunction we do not decide. The holding is limited to the question of contempt.

Judgment affirmed.