Per Curiam.

It is undisputed that the last payment of compensation under the award was made on August 4,1940, more than ten years prior to May 12,1951, the date of the application for. adjustment of claim. There is, however, a disagreement as to the facts and a definite conflict in the evidence as to whether the infrared lamp was furnished and. the last treatment at the employer’s dispensary was given within ten years prior to the application for adjustment of claim.
The Industrial Commission, upon the conflicting evidence before it, determined the jurisdictional question in favor of the employer. The record is not such as to justify this court, in a mandamus proceeding, to disturb that finding. State, ex rel. Wilms, v. Blake et al., Industrial Commission, 144 Ohio St., 619, 60 N. E. (2d), 308; State, ex rel. Bevis, v. Coffinberry et al., Industrial Commission, 151 Ohio St., 293, 85 N. E. (2d), 519, certiorari denied, 338 U. S., 826, 94 L. Ed., 502, 70 S. Ct., 74; State, ex rel. Brewer, v. Industrial Commission, 153 Ohio St., 471, 92 N. E. (2d), 385.
This court, without passing on the question presented by relatrix whether the rendering of treatment by a physician employed by a self-insuring employer or the *557 furnishing of the infrared lamp tolls the running of the ten-year statute of limitation, denies the writ of mandamus.

Tfrit denied.

Weygandt, C. J., Middleton, Taet, Matthias, Hart, Zimmerman and Stewart, JJ., concur.