The State, ex rel. Flittner, *v.* Baldwin et al., Bd. of Edn.

(No. 4998—Decided March 24, 1958.)

*Mr. John P. Henahan,* for relator.

*Mr. Wilfred G. Christensen* and *Mr. Jas. Slater Gibson,* for respondents.

Deeds, J.   The relator, Gladys Flittner, has filed a petition in this court seeking a writ of mandamus requiring the respondents to comply with an order of the Civil Service Commission of the city of Toledo, Ohio, dated November 23, 1956.

Respondents, Raymond D. Baldwin, Thomas S. Bretherton, Wayne Shawaker, Jane Kuebbeler and Edwin D. Dodd, by answer admit that they are the duly elected, qualified and acting Board of Education of the city of Toledo and that relator was in the employment of the Board of Education of the Toledo School District until September 1, 1956.

Respondents admit further that the relator was employed

as a clerk in the cafeteria department by the defendant board of education from March 1, 1949, but deny that said position was in the classified civil service.

The cause is submitted for determination on the pleadings, a transcript of the evidence, including exhibits, taken by deposition, and the oral arguments and briefs of counsel for the parties respectively.

The testimony discloses, in part, that in the month of February 1949 the relator sought employment with the defendant board of education through a Mr. R. S. Wenslow (deceased), who was known as "the business manager for all noneducational employes" of the Toledo School District; that relator was told by Wenslow that she would have to go to the Civil Service Commission of the city of Toledo to take a noncompetitive civil service examination; that plaintiff did go to the civil service commission and was given a written examination; that the secretary of the civil service commission gave relator a paper, following the examination, which the relator delivered to the business manager; and that thereafter, commencing March 1, 1949, relator became and was an employee of the Toledo School District until her discharge on August 31, 1956.

The evidence discloses that relator's duties consisted of work as a clerk, preparation of payrolls and bookkeeping in the cafeteria department of the board of education, and the relator testified that she was told by the business manager that she was employed under civil service and that she was also told by the secretary of the Civil Service Commission that she would be under civil service.

It is disclosed by the evidence that the civil service commission has not held or had any competitive examinations for employees for the Toledo School District since February 14, 1941.

On September 10, 1956, the assistant superintendent in charge of business administration notified the relator by letter that her services at the board of education were discontinued, which notice was in part as follows:

"Pursuant to my advising you that your services were no longer needed at the board of education, I instructed the payroll department to draw a check for all monies due you at the close of the work day, August 31, 1956.

" Your services were discontinued for the following reasons as stated to you:

"(1) You have been disloyal to your superior administrative officers.

"(2) You have injected yourself into administrative matters which were of no concern to you.

"(3) You have by written word accused me of misrepresentation to my superior."

The business manager transmitted a copy of the written notice of the relator's discharge, by mail, to the Civil Service Commission of the city of Toledo.

On September 20, 1956, relator mailed notice of intention to appeal, addressed to the Toledo Civil Service Commission, with copies being addressed to assistant superintendent, business administration, and the Superintendent of Schools of Toledo, in part as follows:

"The undersigned wishes to appeal her removal from her position as a bookkeeper with the Board of Education of Toledo, Ohio, on the 10th day of September, 1956 (after a service record of 28 years) to this commission under and by virtue of the provisions of Section 143.27 of the Ohio Revised Code."

A motion was filed by the board of education on October 18, 1956, seeking an order dismissing the appeal of relator, upon the grounds that the records of the civil service commission did not indicate that "appellant" was employed in the classified civil service and that appellant (relator) had never taken an examination and was therefore not entitled to the protection of the civil service laws of the state.

On November 8, 1956, the civil service commission entered an order on the motion of the board of education, in part as follows:

"This matter came on to be heard on the motion of the Board of Education for the City School District of the city of Toledo, Ohio, for an order dismissing the appeal heretofore filed herein by the above named Gladys Flittner; and the parties being present and represented by counsel, said motion was heard on the evidence and the arguments and briefs of counsel; and the commission, being fully advised in the premises and

after careful consideration thereof, finds that said motion is not well taken and that the same should be and hereby is overruled.

"It is therefore ordered by the commission that the motion of the said board of education is and it hereby is overruled, and that the hearing date of the appeal of the said Gladys Flittner shall be and it hereby is set for Tuesday, November 20, 1956, at 2:00 o'clock p. m., in the hearing room of the commission."

It appears from the evidence that a hearing of the appeal of the relator was held before the Civil Service Commission of the city of Toledo on November 20, 1956.

Following the hearing, the members of the civil service commission determined, in substance, that the appellant was present and represented by counsel; that the assistant superintendent and the superintendent of the board were present and represented by counsel; that counsel for the board renewed its motion for dismissal of the appeal on grounds of lack of jurisdiction of the commission to hear the appeal; that the motion to dismiss was overruled; that counsel for the board represented that no evidence would be offered in support of the written statement of charges against the appellant and counsel for the board requested leave of the commission for counsel and said assistant superintendent and superintendent to be excused and to withdraw from the hearing; that "the commission declared its intention to proceed with the hearing under the express provisions of its rules and thereupon granted the request of counsel for the board" to be excused from the hearing.

Thereafter, on November 23, 1956, the commission found and determined in part as follows:

"Coming now to the written statement of charges against the appellant, the commission found that charges numbered one (1) and two (2) thereof were not sufficiently explicit as required by law and hence said charges were and they hereby are dismissed.

"This appeal was then heard on charge numbered three (3) of said written statement of charges and on the evidence introduced on behalf of the appellant; and the commission, after careful consideration thereof, finds that it has jurisdiction of the parties hereto and of the subject matter of this appeal and that the same is properly before the commission.

"The commission further finds that although the letter written by the appellant, upon which charge numbered three (3) is apparently based, was an ill-conceived method of approaching the subject matter it embodied and certainly not in keeping with accepted and approved office practice and procedure, nevertheless the evidence indicates that it was written without malicious intent and in a bona fide effort to call attention to what the appellant believed to be error or misunderstanding. In view of these and other mitigating facts disclosed by the evidence, the commission is of the opinion that the removal and discharge of the appellant was, under the circumstances, too severe a disciplinary measure and not justified.

"It is therefore the judgment of this commission that the order removing and discharging the appellant, Gladys Flittner, from her employment with the said board of education should be and it hereby is disaffirmed, and that the appellant be reinstated to her previous position as of the date of her discharge."

The civil service law of the state applicable to tenure of office and removals is found in Section 143.27, Revised Code (Section 486-17a, General Code), the pertinent part being:

"The tenure of every officer or employee in the classified service of the state and the counties, cities, and city school districts thereof, holding a position under Sections 143.01 to 143.48, inclusive, of the Revised Code, shall be during good behaviour and efficient service; but any such officer or employee may be removed for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of such sections or the rules of the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance or nonfeasance in office.

"In all cases of removal, the appointing authority shall furnish such employee with a copy of the order of removal and his reasons for the same, and give such officer or employee a reasonable time in which to make and file an explanation. Such order with the explanation, if any, of the employee shall be filed with the commission. Any such employee so removed may appeal from the order of such appointing authority to the state civil service commission or the municipal civil service commission, as the case may be, within ten days after the date of such

removal, in which event the commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority, and the commission's decision is final. * * *"

Section 143.23, Revised Code (Section 486-14, General Code), provides for provisional appointments in the classified service without competitive examinations under certain conditions as specified therein.

The rules of the Civil Service Commission of the city of Toledo, as same appear in the evidence before us, are in accord and are not in conflict with the law of the state applicable to appointments, tenure of office and removals in the civil service as provided in Sections 143.01 to 143.48, inclusive, of the Revised Code (Sections 486-1 to 486-30, inclusive, General Code).

From the evidence in the transcript before us and the finding of the civil service commission that the relator should be reinstated, we conclude that relator was appointed to her position provisionally, following a non-competitive examination, and was therefore entitled to hold that position unless removed pursuant to the requirements of the law of the state. *State, ex rel. Conway,* v. *Taylor, Dir.,* and *State, ex rel. Hamilton,* v. *Sherwood, Dir.,* 136 Ohio St., 174, 24 N. E. (2d), 591; *State, ex rel. Slovensky,* v. *Taylor, Dir.,* 135 Ohio St., 601, 21 N. E. (2d), 990; *State, ex rel. Lagedrost,* v. *Beightler, Dir.,* 135 Ohio St., 624, 21 N. E. (2d), 992; *State, ex rel. Emmons et al., State Civil Service Comm.,* v. *Guckenberger, Aud.,* and *State, ex rel. Emmons et al., State Civil Service Comm.,* v. *Lutz, Sheriff,* 131 Ohio St., 466, 3 N. E. (2d), 502.

It is the contention of counsel for the board of education that there is no record in the office of the civil service commission showing the certification and the appointment of the relator to her position.

We do not have a transcript of the evidence received in the hearing before the civil service commission and are therefore bound to presume that the evidence was sufficient to support the decision of the commission.

Furthermore, the failure of the civil service commission to make a proper formal entry of an appointment regularly made would not affect the validity of such appointment. *Zimbelman* v. *Atkinson,* 54 Ohio Law Abs., 47, 86 N. E. (2d), 791; *State, ex rel. Hoornstra,* v. *Atkinson, Admr.,* 136 Ohio St., 569, 572, 573, 27 N. E. (2d), 249.

The order of the civil service commission requiring that the relator be reinstated to her position is "final," and this court can not substitute its judgment for that of the commission unless a showing has been made that there was a clear abuse of discretion. Section 143.27, Revised Code (Section 486-17*a*, General Code). The settled principle of law is stated in *Hauschild* v. *City of Cleveland,* 105 Ohio App., 444, 451, 147 N. E. (2d). 127:

"It is a fundamental proposition of law that a court will not substitute its own judgment for that of an administrative agency or board unless it is clearly shown that the board was guilty of an abuse of discretion."

See, also, *State, ex rel. Helsel, a Taxpayer,* v. *Board of County Commrs. of Cuyahoga County,* 83 Ohio App., 388, 78 N. E. (2d), 694; *Hocking Valley Ry. Co.* v. *Public Utilities Commission,* 92 Ohio St., 362, 110 N. E., 952; *Brannon* v. *Board of Edn. of Tiro School Dist.,* 99 Ohio St., 369, 124 N. E., 235; *State ex rel. Baker,* v. *Toledo State Hospital,* 88 Ohio App., 348, 100 N E. (2d), 265; *State, ex rel. Brewer,* v. *Industrial Commission,* 153 Ohio St., 471, 92 N. E. (2d), 385; *State, ex rel. Bevis,* v. *Coffinberry et al., Indus. Comm.,* 151 Ohio St., 293, 296, 85 N. E (2d), 519; *Co-operative Legislative Comm. of Transportation Brotherhoods* v. *Public Utilities Commission,* 151 Ohio St., 325, 85 N. E. (2d), 554; *Village of Glouster* v. *Public Utilities Commission,* 155 Ohio St., 162, 163, 97 N. E. (2d), 658; *McCloud* v *Woodmansee, Bldg. Commr.,* 165 Ohio St., 271, 135 N. E. (2d). 316; Section 143.27, Revised Code; 9 Ohio Jurisprudence (2d), 446, Section 113.

The Civil Service Commission of the city of Toledo has authority and jurisdiction with respect to appointments, tenure and removals in the Toledo School District by virtue of Section 143.30, Revised Code (Section 486-19, General Code). See fifth paragraph of the headnotes in *State, ex Atha,* v. *Ganson,* 18

Ohio Law Abs., 338, with respect to the authority of the commission to determine its jurisdiction.

Therefore, a peremptory writ is allowed, requiring the respondents to reinstate the relator to her position as determined by the Civil Service Commission of the city of Toledo.

By the prayer of her petition, the relator prays that damages be allowed for loss of salary.

The remedy of mandamus is not available as a means to recover pay or salary during the time an employee is wrongfully excluded from a position in the civil service. *State, ex rel. Ford,* v. *City of Toledo,* 137 Ohio St., 385, 386, 30 N. E. (2d), 553. See 9 Ohio Jurisprudence, 471, Civil Service, Section 129, and cases cited in footnote.

We determine, therefore, that damages for the loss of salary can not be considered in this action.

*Writ allowed.*

Fess and Smith, JJ., concur.

Fess, J., concurring. I am in accord with what is said in the majority opinion, but make the following somewhat repetitious additional comment.

The Toledo Civil Service Commission derives its authority and jurisdiction over employees in the classified service of the Toledo School District—not from the city charter, but independently and directly from the provisions of Section 143.27, Revised Code, pursuant to which appropriate regulations with respect to the employees of the school district have long been adopted. Administrative agencies, as well as courts, have authority to determine their own jurisdiction. The Toledo Civil Service Commission, pursuant to the statute, had jurisdiction of the subject matter. Upon receipt of a copy of charges upon which relator was discharged and upon relator's appeal the commission acquired jurisdiction of the person. The order overruling respondents' motion to dismiss the appeal on the ground that the commission had no jurisdiction recites that it was determined upon the evidence. What this evidence was, and its nature and extent, is not revealed in the record in the instant case. Therefore, it must be presumed that the com-

mission had before it sufficient evidence to justify the overruling of respondents' motion to dismiss relator's appeal, and it is to be inferred therefrom that the commission found upon the evidence that relator was within the classified service of the Toledo School District. As succinctly stated in the majority opinion, abundantly supported by authorities, this court may not substitute its judgment for that of the commission, in the absence of a showing of an abuse of discretion.