Zimmerman, J.
It is shown by the evidence that the city of Columbus, in connection with its recreational program, organized and operated on Oak Street a school called the Arts and Crafts Center. Plaintiff enrolled as a student and paid a fee of $1.50. At the direction of the director of the school, a city employee, she entered a closet on the premises occupied by the Arts and Crafts Center to procure a clothes hanger, and in attempting to do so she fell down an unlighted and unguarded stairway and sustained severe bodily injuries. She testified that she was unaware of any stairway and was not informed of its existence.
The trial court took the position that, in conducting the Arts and Crafts Center, the city was engaged in a proprietary undertaking and was liable for negligence, and that, in this particular instance and under the particular circumstances involved, the question of negligence on the part of the city was one for the jury. On the contrary, the Court of Appeals held flatly that in conducting the Arts and Crafts Center the city was engaged in a governmental enterprise and was not answerable for negligence.
There appears to be increasing sentiment for a rule making *207 a municipal corporation, like any other principal, liable for the torts of its agents, that the attempt to distinguish between governmental and ministerial or proprietary functions in determining the liability of a municipal corporation is artificial and unrealistic, and that such distinction should be abolished. However, many courts, including the Supreme Court of Ohio, still attempt to distinguish between activities which are governmental in character and those which are proprietary, taking the position that in the former instance a municipality is absolved from liability for negligence and in the latter instance it is not.
The question of whether in a specific instance a municipality is engaged in a governmental or a proprietary undertaking is sometimes difficult of determination and the lines drawn in differentiating between those activities are not always clear or satisfactory.
Generally speaking, the powers of a municipality which are governmental are those pertaining to the making and enforcing of regulations to check crime and apprehend criminals, to preserve public health, to prevent and extinguish fires, to care for the aged and indigent and to provide for the progressive and systematic education of the young, and in the carrying out of these functions all persons and facilities employed come under the rule of immunity from tort liability.
Or, as it has otherwise been expressed, governmental functions are those which embrace the promotion and preservation of the health, safety and welfare of people generally and because of their character are naturally and logically associated with government in its sovereign aspect.
Probably the most comprehensive decision of this court dealing with the subject of what are governmental and what are proprietary pursuits is City of Wooster v. Arbenz, 116 Ohio St., 281, 156 N. E., 210, 52 A. L. R., 518, wherein certain guiding principles are enunciated. In the opinion in that case it is said:
“In performing those duties which are imposed upon the state as obligations of sovereignty, such as protection from crime, or fires, or contagion, or preserving the peace and health of citizens and protecting their property, it is settled that the function is governmental, and if the municipality undertakes the performance of those functions, whether voluntarily or by *208 legislative imposition, the municipality becomes an arm of sovereignty and a governmental agency and is entitled to that immunity from liability which is enjoyed by the state itself. If, on the other hand, there is no obligation on the part of the municipality to perform them, but it does in fact do so for the comfort and convenience of its citizens, for which the city is directly compensated by levying assessments upon property, or where it is indirectly benefited by growth and prosperity of the city and its inhabitants, and the city has an election whether to do or omit to do those acts, the function is private and proprietary.
“Another familiar test is whether the act is for the common good of all the people of the state, or whether it relates to special corporate benefit or profit. In the former class may be mentioned the police, fire, and health departments, and in the latter class utilities to supply water, light, and public markets. ’ ’
We are frank to confess that it is impossible to reconcile all the decisions of this court dealing with the subject of governmental and proprietary functions in relation to a municipality. For example, why should the management of public grounds and buildings (State, ex rel. White, v. City of Cleveland, 125 Ohio St., 230, 181 N. E., 24, 86 A. L. R., 1172) be classed as a proprietary function, whereas the construction and maintenance of a park and swimming pool (Selden v. City of Cuyahoga Falls, 132 Ohio St., 223, 6 N. E. [2d], 976) were conceded to be governmental functions? And why should the construction of sewers (Hutchinson v. City of Lakewood, 125 Ohio St., 100, 180 N. E., 643, and State, ex rel. Gordon, City Attorney, v. Taylor, 149 Ohio St., 427, 435, 79 N. E. [2d], 127) be considered as a governmental function, whereas the maintenance and repair of sewers, after construction (City of Portsmouth v. Mitchell Mfg. Co., 113 Ohio St., 250, 148 N. E., 846, 43 A. L. R., 961, City of Salem v. Harding, 121 Ohio St., 412, 169 N. E., 457, and Doud v. City of Cincinnati, 152 Ohio St., 132, 87 N. E. [2d], 243) is regarded as a proprietary function? Other comparable examples could be pointed out.
Without lengthening this discussion, it is the opinion of this court that the city of Columbus in voluntarily establishing and maintaining an arts and crafts center primarily for *209 the benefit and accommodation of those of its inhabitants who might be interested was not exercising the functions of sovereignty and was engaged in a proprietary venture which made it amenable to tort liability. Moreover, under the facts and circumstances developed in this case, we think it was a jury question as to whether the city was negligent and whether such negligence was the proximate cause of plaintiff’s misfortune. The trial court charged on contributory negligence, and it is apparent that the jury absolved the plaintiff on that score. .
Consequently, the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.

Judgment reversed.

Weygandt, C. J., Tart, Matthias, Bell and Herbert, JJ., concur.
Peck, J., not participating.