**HARRIS v FINDLAY (city) et**

Ohio Appeals, 3rd Dist, Hancock Co

No 385. Decided April 16, 1938

Ferdinand E. Warren, and Harold H. Gorman, for appellee.

Fred R. Hover, Findlay, and M. C. Downing, Findlay, for appellant.

## OPINION

By GUERNSEY, J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hancock County, Ohio, in an action pending therein wherein Lucy D. Harris, Administratrix of the estate of James F. Harris, deceased, was plaintiff and the City of Findlay and United Fireworks Company were defendants. The action is for damages for wrongful death of plaintiff's

decedent. Before the final submission of the case to the jury in the Common Pleas Court the United Fireworks Company was, on motion of the plaintiff, dismissed as a party defendant to the cause. The jury returned a verdict in favor of the plaintiff against the City of Findlay, and motion for new trial being duly filed and overruled, judgment in favor of plaintiff was entered against the City of Findlay on this verdict, and it is from this judgment this appeal is taken.

We will only state such facts shown by the bill of exceptions as we deem essential to a decision of the appeal.

Plaintiff's decedent, the husband of said Lucy D. Harris, was fatally injured through the explosion of a fireworks bomb while attending an exhibition of fireworks at Riverside Park which was owned and operated by the City of Findlay, on July 4, 1936. The city had purchased a display of fireworks for that occasion from the fireworks company by an oral contract incorporating a written contract of the year before. The display was in charge of and fired by a Mr. Reeder who was an experienced operator employed by the fireworks company. Mr. Reeder in the performance of his duties was under the control of two of the employees of the city who worked in the Parks Department. These men informed Mr. Reeder when to start shooting and when to stop shooting. They were at all times with Mr. Reeder and actually participated in setting off the fireworks. Mr. Reeder did the actual shooting but the fireworks were handed to him by the employees of the city.

At least three bombs fell in the crowd—one around the middle of the performance, one when the display was about three-fourths of the way through, and the last one at the end which killed plaintiff's decedent and injured a number of other persons.

The Park Department officials of the city were in a position to and did see the bombs which dropped in the crowd. The dropping of the bombs could be plainly seen from the point at which they were fired, and in addition, the Park Department had another employee on the other side of the lake who could observe what occurred there.

The fireworks were fired from the bank of a reservoir or lake and the mortars that were used in discharging the aerial bombs were more than 400 feet distant from the place where decedent was injured and more than 300 feet of this distance consisted of the surface of the water of said reservoir. The mortars consisted of short lengths of heavy iron pipe a portion of which were set below the surface of the ground and were placed at a slight angle toward the water for protection of spectators that were located on the same side of the water and to prevent any sparks from falling back into the unused fireworks. The plaintiff's decedent was injured just prior to the end of the display.

There is evidence tending to prove that the explosion in the crowd which killed plaintiff's decedent was caused by the mortar containing the same being aimed at an improper angle, and by the bomb exploding late. There is also evidence tending to prove that one of the mortars was tilted far toward the crowd. There is evidence that this was probably caused by the backing of a truck against the mortar in the afternoon. The position of the mortar was apparent to anyone and attracted the attention of spectators. Nine bombs were fired from this mortar and the three which went into the crowd were fired from this particular mortar. No one ever directed the shooter to cease firing, even after the bombs had fallen into the crowd.

As a fourth defense to the petition the defendant city pleaded that the exhibition of fireworks was conducted, managed and supervised by a carefully chosen and selected man, who had full charge and control of the exhibition.

The plaintiff filed a general demurrer to this defense which was sustained by the trial court.

The defendant city at the close of plaintiff's evidence moved for a directed verdict in its favor which motion was overruled by the court. This motion was renewed by the city at the close of all the evidence and again overruled by the court.

The defendant-appellant city assigns errors in the following particulars:

1. The court erred in sustaining the demurrer to the fourth defense.

2. The court erred in overruling this defendant's motion for directed verdict.

3. The court erred in its charge to the jury.

4. The verdict of the jury is against the weight of the evidence and is contrary to law.

5. The court erred in sustaining plaintiff's motion to dismiss the Fireworks Company at the close of all the evidence.

These assignments of error will be considered in the order mentioned.

1. In considering the first assignment

of error as well as the other assignments of error, it is essential to keep in mind that the liability, if any, of the city in the premises is based on the provisions of §3714, GC, the pertinent part of which reads as follows:—

"* * * the council shall have the care, supervision and control of * * * public grounds * * * within the corporation and shall cause them to be kept open, in repair, and free from nuisance."

In the maintenance and operation of a park for the use and benefit of the general public, such as the park involved in the instant case, a municipality acts in a governmental rather than a proprietary capacity; and while acting in such governmental capacity the municipality incurs no liability in tort for common law negligence, but is, under the provisions of §3714, GC, liable for the maintenance by it of a nuisance in such park. Selden v Cuyahoga Falls, 132 Oh St 223; The City of Wooster v Arbenz, 116 Oh St 281; Cleveland v Ferrando, 114 Oh St 207.

The general rule is that a municipality cannot itself create and maintain a nuisance which results in injury to person, or inflicts or involves damage to private property, without subjecting itself to civil liability for its wrongful and unlawful act, and this is true regardless of the fact whether or not the thing done or omitted resulting in the nuisance constituted negligence; and moreover the municipality cannot escape liability therefor on the ground that in doing so it was exercising a governmental function. Revised Volume 6, McQuillen on Municipal Corporations, Second Edition, pages 1105 et seq.

"The decisions establish that the term nuisance, in legal parlance, extends to everything that endangers life or health, gives offense to the senses, violates the laws of decency, or obstructs the reasonable and comfortable use of property." 20 R.C.L. 380.

A nuisance does not rest on the degree of care used, for that presents a question of negligence, but on the degree of danger existing even with the best of care. Degree implies gradation, and gradation depends on circumstances. 20 R.C.L. 382.

In the creation or maintenance of a nuis-

ance the wrongfulness must be in the acts themselves, rather than in the failure to use the requisite degree of care in doing them, and therein lies the distinction between "nuisance" and "negligence", the one is a violation of an absolute duty; the other the failure to use the degree of care required in the particular circumstances—a violation of duty. A nuisance may be created or maintained with the highest degree of care, and the negligence of a defendant, unless in exceptional cases, is not material. Revised Volume 6, McQuillen on Municipal Corporations, Second Edition, pages 1109 and 1110;

In addition to these general rules of law relating particularly to nuisance the rule that an employer's liability for injuries occasioned by the act or negligence of an independent contractor, or his employees, is limited to those injuries which are collateral to the work to be performed and which arose from the negligence or wrongful act of the contractor or his servants, has no application where the work to be performed is necessarily dangerous, or an obligation rests upon the employer to keep the work in a safe condition. City of Tiffin v McCormack, 34 Oh St 638.

And generally if the statute such as §3714 GC requires one to do certain acts or to take certain precautions to protect persons and property, he cannot delegate such duty to an independent contractor and be released from liability in case such contractor fails to perform it. Marietta Railroad Company v Stephenson & Brown, 24 Oh St 48; Circleville v Neuding, 41 Oh St 465. 21 O. J., 661.

Under the authorities mentioned, neither the fact, if it is a fact, that the city employed the fireworks company as an independent contractor to conduct the exhibition of fireworks and fire the individual pieces composing same, nor that such exhibition was managed and supervised by a carefully chosen and selected man who had full charge and control of the exhibition, would relieve the city from its liability for the maintenance of the nuisance upon the claim of which the action is based, and consequently the court did not err in overruling the demurrer to the fourth defense.

2. The second assignment of error is that the court erred in overruling defendant's motion for a directed verdict.

This involves the question as to whether

the facts in evidence tended to prove that the city maintained ⌐ nuisance in the park owned and operated by it, and that such nuisance, if any, was the proximate cause of the injury sustained by the plaintiff's decedent.

It has been held that the firing of a cannon in a public street of a municipal corporation, except in case of imperative and urgent necessity, is an intolerable nuisance (Robinson v Greenville, 42 Oh St 625 at 630); that the presence of an unguarded, unexploded bomb, apparently similar to the bomb in the instant case, in a public park is a nuisance per se (Cleveland v Ferrando, 114 Oh St 207); and that a gasoline filling station, because it deals in inflammable substances, such as gasoline and oils, is a potential nuisance. State ex v Combs, 129 Oh St 251.

On a parity of reasoning, a bomb containing sufficient explosive to kill a man, if not a nuisance per se is at least a potential nuisance and when in the process of an exhibition of fireworks managed and controlled by a municipality in a public park owned and operated by such municipality, such bomb is exploded in such a manner as to kill a man attending such exhibition only as a spectator and situated in a place in said park provided for spectators at such exhibition, the bomb coupled with the manner of the explosion thereof constitutes a nuisance and being a nuisance the person responsible for the explosion thereof, irrespective of the degree of care used in the explosion thereof, is liable in damages for the death of the individual resulting from such explosion.

The evidence in this case tends to prove that the fireworks exhibition of which the explosion of the bomb was a part, was a necessarily dangerous work, contracted for, managed and conducted by the city, and the explosion of the bomb caused the injuries to plaintiff's decedent resulting in his death. As, under the law and the evidence the bomb coupled with the manner of the explosion thereof constituted a nuisance maintained by the city in a public park owned and controlled by it, and such nuisance caused the death of plaintiff's decedent the city is liable in damages therefor; and the court did not err in overruling the motions of the city for a directed verdict in its favor.

3. Under the third assignment of error the appellant specifies in its brief that the trial court erred in its charge to the jury in failing to sufficiently distinguish between nuisance and negligence. The charge of the court on this phase of the case is as follows:—

"This brings us next to consider and define the term 'nuisance', and the application of the legal definition thereof to the evidence in this case, which application you will make in your deliberations upon a verdict. Let me say in the first place that the term 'nuisance' may be defined as anything not authorized by law which causes hurt, injury or damage to another. Nuisance as a wrong in law is to be distinguished from negligence. The boundary or dividing line between the two may at times be obscure because a nuisance may be and frequently is the consequence of a negligent act, whereas a negligent act does not necessarily create a nuisance. In other words a nuisance does not rest on the degree of care used but upon the injury done, regardless of the care used."

The instruction as given is correct and complete and it was the duty of the defendant city if it desired a further instruction on this subject to request it, and not having requested it the defendant city cannot predicate error on the failure of the court to give a further instruction.

4. Under the fourth assignment of error the appellant city contends that the verdict of the jury is against the weight of the evidence and is contrary to law, (a) in that there is no evidence tending to prove that the city at any time owned any portion of the fireworks. (b), in that there is no evidence tending to prove notice of any nuisance or knowledge thereof on the part of the city. (c), that plaintiff's decedent knew the nature of the exhibition as he was present at the same prior to the time of his injury, and knowing the nature thereof he assumed all risks by attending the same.

(a). On the question of the liability of the city it is immaterial whether it owned the fireworks or not as it owned and operated the park in which the exhibition was given and it was at its instance and under its control that the exhibition was had, and under the authorities hereinbefore first referred to was liable if the exhibition constituted a nuisance irrespective of whether the fireworks company put on the exhibition as an independent contractor.

(b) Under the evidence the city itself created and maintained the fireworks ex-

628

hibition, which with the accompanying explosion of the bomb constituted a nuisance and it was therefore not incumbent on the plaintiff to prove notice or knowledge thereof on the part of the city as notice and knowledge are presumed.

(c) The doctrine of assumption or risk has no application to the conduct of plaintiff's decedent in the instant case as under the provisions of §3714, GC, supra, the city was under an absolute duty not to create or maintain a nuisance in said public park, and the decedent had a legal right to assume that it would perform its duty. Consequently the fact that plaintiff's decedent had knowledge of the nature of the exhibition prior to and at the time of his injury would not in any way preclude plaintiff from recovery.

The contentions made under the fourth assignment of error are therefore without merit.

The verdict is sustained by competent, credible and substantial evidence and is not against the weight of the evidence.

5. The fifth assignment of error is error in the dismissal of the fireworks company at the close of the evidence.

At the close of all the evidence counsel for the fireworks company which had been joined as a defendant in the action, moved for a directed verdict insofar as they were concerned. While the motion was pending and before the court had acted thereon the plaintiff of her own motion dismissed her action against the fireworks company. This action was taken in conformity with the provisions of §11586 GC, which reads:—

"An action may be dismissed without prejudice to a future action: (1), by the plaintiff, before its final submission to the jury, or court, when the trial is by the court."

The court therefore did not err in granting said motion.

Finding no error in any of the particulars specified in the brief the judgment of the Common Pleas Court is affirmed.

CROW, J, concurs.
KLINGER, J, dissents.

### DISSENTING OPINION

By KLINGER, J.
In the maintenance of a public park for the benefit of the general public, the City of Findlay performed a governmental service, and under the law as laid down in the case of Selden v City of Cuyahoga Falls, 132 Oh St 223, the city while acting in such governmental capacity incurs no liability in tort for common law negligence.

The provisions of §3714, GC, requiring a municipality to keep its public grounds free from nuisance presents the issuable question in this case as to whether or not the City of Findlay in fact did create a nuisance in the display of fireworks on July 4, 1936.

There is nothing in the pleadings or in the evidence that would indicate that in the proper operation of the fireworks there was any negligence or nuisance.

The general public was invited to attend. It was advised of the general nature of the entertainment. The mere fact that an unforseen and unexpected misfortune happened does not establish carelessness or that the city created or maintained a nuisance.

Under the pleadings and the admitted facts the most that can be claimed under the circumstances is that the party in charge of the entertainment was guilty of some negligence. Admitting for the sake of this argument, that the city is responsible for the negligence, yet under §3714, GC, and under the authorities as I interpret them, the city would not be liable for negligence while in the discharge of a governmental function or duty. And in support of our conclusion we cite, in addition to the case above referred to, City of Cleveland v Ferrando, 114 Oh St 207; City of Wooster v Arbenz, 116 Oh St 281; City of Cleveland v Pine, 123 Oh St 578; City of Cleveland v Gustafson, 124 Oh St 607; City of Mingo Junction v Sheline, Admrx., 130 Oh St. 34; City of Cleveland v Walker, Admr., 52 Oh Ap 477.