[Cite as *Peterson v. Natl. Security Assoc., Inc.*, 2011-Ohio-3902.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROBERT J. PETERSON, et al.

    Plaintiffs

    v.

NATIONAL SECURITY ASSOCIATES, INC., et al.

    Defendants

    and

RANDY MARTYN

    Defendant/Third-Party Plaintiff

    v.

OHIO DEPARTMENT OF PUBLIC SAFETY

    Third-Party Defendant

    Case No. 2011-01569-PR

Judge Joseph T. Clark

<u>DECISION</u>

{¶ 1} On February 22, 2011, third-party defendant, the Ohio Department of Public Safety (ODPS), filed a motion to dismiss the third-party complaint pursuant to Civ.R. 12(B)(6) and R.C. 4123.74. On March 8, 2011, defendant/third-party plaintiff, Randy Martyn, filed a response. On May 17, 2011, the court converted the motion to one

brought pursuant to Civ.R. 56(C).[1]  On May 31, 2011, Martyn filed a combined response and motion for additional time to conduct discovery pursuant to Civ.R. 56(F).

{¶ 2} According to the complaint, plaintiff, Robert Peterson, was seriously injured in an explosion that occurred during a workplace training exercise conducted by Martyn.[2]  Plaintiffs subsequently brought suit against Martyn and other defendants in the Franklin County Court of Common Pleas.  Martyn filed a third-party complaint seeking common law indemnity from ODPS for any damages to plaintiffs for which he could be held responsible.  The filing of the third-party complaint combined with the subsequent filing of a petition for removal in this court effected the removal of the entire action to this court pursuant to R.C. 2743.03(E).

{¶ 3} In the motion for summary judgment, ODPS argues that R.C. 4123.74 bars Martyn's action.  R.C. 4123.74 provides for immunity of complying employers as follows:

{¶ 4} "Employers who comply with section 4123.35 of the Revised Code *shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment*, or for any death resulting from such injury, occupational disease, or bodily condition occurring during the period covered by such premium so paid into the state insurance fund, or during the interval the employer is a self-insuring employer, whether or not such injury, occupational disease, bodily condition, or death is compensable under this chapter."  (Emphasis added.)

{¶ 5} There is no question but that the injuries sustained by plaintiffs were the result of a workplace accident and that plaintiff applied for and received workers' compensation benefits for such injury.  The undisputed affidavit testimony of ODPS Staff Lieutenant Brian W. Landis conclusively establishes that ODPS is a complying employer within the meaning of the statute.

{¶ 6} Under Ohio law, a third-party tortfeasor, such as Martyn, has no standing to bring an indemnification claim against an employer for damages suffered by an employee in the course of or arising out of his employment where the employer is acting in compliance with the Ohio workers' compensation law.  *Taylor v. Academy Iron &*

[1]A motion to dismiss under Civ.R. 12 is not the proper vehicle to test whether R.C. 4123.74 bars an action.  See *Hamilton v. East Ohio Gas Co.* (1973), 47 Ohio App.2d 55.

[2]The singular, plaintiff, shall be used herein in reference to Robert Peterson.

*Metal Co.* (1988), 36 Ohio St.3d 149. Immunity under the statute extends to cases where a third-party tortfeasor seeks common law indemnity from the employee's employer. Id.

{¶ 7} Martyn claims that complying employer immunity does not apply in this case for two reasons. First, Martyn argues that the statute does not immunize ODPS under the facts as pleaded in the complaint inasmuch as the injuries to plaintiff arose out of the performance of an ultrahazardous activity for which ODPS is subject to strict liability under the common law. See *Abraham v. BP Exploration & Oil Inc.*, 149 Ohio App.3d 471, 2002-Ohio-4392, citing *Crawford v. National Lead Co.* (1989), 784 F.Supp. 439.[3]

{¶ 8} For the purposes of this decision, the court will assume that training performed by ODPS constitutes an ultrahazardous activity and that ODPS would be subject to strict liability under the common law for any injuries proximately caused by such activity. However, it is clear from the language used in the statute that immunity under R.C. 4123.74 is available to a complying employer in the absence of fault. Indeed, the statute does not specify a level of culpability.[4]

{¶ 9} Martyn next argues that complying employer immunity does not apply where the injuries sustained by the employee were the result of an activity for which the duty of care is non-delegable. Under the "non-delegable duty" doctrine, "the employer may delegate the work to an independent contractor, but he cannot delegate the duty. In other words, the employer is not insulated from liability if the independent contractor's negligence results in a breach of the duty." *Pusey v. Bator*, 94 Ohio St.3d 275, 279, 2002-Ohio-795. "Employers are held liable under the traditional nondelegable duty exception because the nature of the work contracted involves the need for some specific precaution, such as a railing around an excavation in a sidewalk, or the work involved is inherently dangerous, such as blasting." *Albain v. Flower Hosp.* (1990), 50

---

[3]Under Ohio law, determining whether a particular activity is ultrahazardous activity such that strict liability may be imposed depends on a number of factors: the existence of a high degree of risk of harm; the likelihood that great harm will occur; the inability to eliminate the risk of harm through the exercise of ordinary care; how common or uncommon the activity is; whether the activity is appropriately conducted in the location where it is found; and the extent to which the activity's value outweighs the dangerous nature of the activity. *Abraham*, supra, at ¶30.

[4]The court notes that complying employers lose their immunity and may be held liable to an employee for damages where the employee's injury is the result of the employer's intentional tort as defined in R.C. 2745.01.

Ohio St.3d 251, 262, overruled in part on other grounds by *Clark v. Southview Hosp. & Family Health Ctr.*, 68 Ohio St.3d 435, 1994-Ohio-519.

{¶ 10} Once again, the plain language of the statute controls. Indeed, the statute prescribes a rule of non-liability, not non-duty. Thus, immunity under the statute extends to complying employers who have breached a duty of care owed to their employees.

{¶ 11} In short, common law tort principles do not alter the statutory protection provided to complying employers under workers' compensation laws. Rather, the statute alters common law liabilities and defenses with respect to such employers. *Taylor*, supra.

{¶ 12} For the foregoing reasons, the court finds that there are no genuine issues of material fact and that ODPS is entitled to judgment as a matter of law. Accordingly, ODPS' motion for summary judgment shall be granted. Martyn's Civ.R. 56(F) motion for additional time to conduct discovery as to the merits of the third-party complaint is DENIED as moot.

{¶ 13} Furthermore, the court finds that the state is no longer a party to this action. Accordingly, pursuant to R.C. 2743.03(E)(2) this case shall be remanded to the Franklin County Court of Common Pleas and the original papers shall be returned thereto.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


ROBERT J. PETERSON, et al.

    Plaintiffs

    v.

NATIONAL SECURITY ASSOCIATES, INC., et al.

    Defendants

    and

RANDY MARTYN

    Defendant/Third-Party Plaintiff

    v.

OHIO DEPARTMENT OF PUBLIC SAFETY

    Third-Party Defendant
    Case No. 2011-01569-PR

Judge Joseph T. Clark

<u>JUDGMENT ENTRY</u>


A non-oral hearing was conducted in this case upon third-party defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, third-party defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of third-party defendant. Court costs are

assessed against defendant/third-party plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

Furthermore, the court finds that the state is no longer a party to this action. Accordingly, pursuant to R.C. 2743.03(E)(2) this case is REMANDED to the Franklin County Court of Common Pleas and the original papers shall be returned thereto.

_____
JOSEPH T. CLARK
Judge

cc:

Brian M. Zets
300 Spruce Street, Floor One
Columbus, Ohio 43215-1173

David A. Caborn
765 South High Street
Columbus, Ohio 43206

J. C. Ratliff
Jeff Ratliff
Jon L. Jensen Jr.
200 West Center Street
Marion, Ohio 43302

Michael R. Szolosi Jr.
2695 Andover Road
Upper Arlington, Ohio 43221-3203

Christopher P. Conomy
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Westley M. Phillips
90 West Broad Street, Room 200
Columbus, Ohio 43215

National Security Associates, Inc.
c/o Statutory Agent Tracy L. Sayers
600 Brookstone Centre Parkway
Columbus, Georgia 31904

John Doe

LP/cmd
Filed July 12, 2011
To S.C. reporter August 2, 2011