[Cite as *State v. Watters*, 2015-Ohio-5473.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-742 |
| v. | : | (C.P.C. No. 13CR-6742) |
| Charles K. Watters, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 29, 2015

*Ron O'Brien,* Prosecuting Attorney, and *Steven L. Taylor,* for appellee.

*Charles K. Watters,* pro se.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, Charles K. Watters, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for reduction of prison term. Defendant asserts the following sole assignment of error for our review:

> The defendant-appellant contends he was prejudice [sic] and deprived his jail-time credit pursuant to law.

{¶ 2} Because defendant's contentions regarding his jail-time credit are barred by res judicata, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} On December 27, 2013, in case No. 13CR-6742, defendant was indicted on one count of improperly handling a firearm in a motor vehicle, a felony of the fourth degree, and one count of having a weapon while under disability ("WUD"), a felony of the third degree. Defendant had previous felony convictions on his record.

{¶ 4}  On May 6, 2014, defendant pled guilty to the WUD charge, and the trial court entered a nolle prosequi on the improper handling charge. During the plea hearing, the court noted that, in addition to case No. 13CR-6742, defendant was also before the court that day on case Nos. 10CR-6672, 11CR-1254, 12CR-4470, and 12CR-4471. The latter case numbers were all probation revocation cases. The court addressed the maximum penalties defendant faced, stating that defendant could go to jail for "90 months, less your jail time credit, as we stand here today," in addition to "36 months" on the WUD charge "for a total of 126 months." (Tr., 6.) Defendant stated that he understood the maximum amount of prison time he was facing. The court then addressed jail-time credit, stating as follows:

> THE COURT:  Here's the bottom line on it: We all talked beforehand. I am going to give you a two-year sentence with zero days' jail credit on this case number. I'm terminating all of your other cases unsuccessful. Okay? That's not a joint recommendation by the parties, but that's my analysis on what we're going to do today.
>
> Your other choice was to take your chances with a presentence investigation, but there's a lot of risk factors in doing that, including another 90 months plus another 36, so a possibility of another 102 additional months that could be involved here, less your jail time credit. Okay?

(Tr., 9.)

{¶ 5}  Defendant indicated that he understood what the court was doing with respect to his sentence and his jail-time credit. Defense counsel did not object to the court's resolution of the multiple cases and the jail-time credit. After hearing defendant's probation officer's testimony regarding the jail-time credit on each case, the court applied the jail-time credit as follows: 5 days on case No. 10CR-6672; 173 days on case No. 11CR-1254; 141 days on case No. 12CR-4470; and zero days on case No. 12CR-4471. The court then terminated defendant's probation as unsuccessful, thereby disposing of the probation revocation cases, and sentenced defendant to 24 months on the WUD charge. In the judgment entry imposing the sentence, the court stated that defendant had zero days of jail-time credit, but ordered that defendant was "to receive jail time credit for all additional jail time served while awaiting transportation to the institution from the date of the imposition of this sentence." (Judgment Entry, 2.)

{¶ 6} On May 5, 2015, defendant filed a pro se motion for reduction of prison term for related days of confinement. In the motion, defendant asked the court to reduce his prison term by 153 days, the number of days he alleged he was confined in jail prior to being sentenced on case No. 13CR-6742. On May 11, 2015, the court denied the motion, noting that defendant had received "all the credit appropriate under *State v. Fugate,* [117 Ohio St.3d 261, 2008-Ohio-856]." (May 11, 2015 Decision and Entry.)

{¶ 7} On June 10, 2015, defendant, through counsel, filed a notice of appeal from the trial court's decision denying his motion for reduction of prison term. However, defendant's counsel voluntarily dismissed the appeal. On August 4, 2015, defendant filed a pro se notice of appeal from the court's May 11, 2015 decision. The state filed a motion to dismiss defendant's pro se appeal on August 19, 2015. On August 20, 2015, this court issued a judgment entry denying the state's motion to dismiss and concluding that the appeal was timely filed. The matter is now properly before this court for resolution.

## II. RES JUDICATA

{¶ 8} Initially, we note that, in its lengthy appellee brief, the state argues that this court erred in denying the state's motion to dismiss the appeal. The state's contentions regarding our previous motion ruling are not properly before this court in the state's appellee's brief. The state could have filed an App.R. 26 motion for reconsideration of our August 20, 2015 entry, but it did not. The state has not filed a cross-appeal of any issue in this matter. As "this court rules on assignments of error only, and will not address mere arguments," we confine our analysis to the assigned error. *Ellinger v. Ho*, 10th Dist. No. 08AP-1079, 2010-Ohio-553, ¶ 70; App.R. 12(A)(1)(b). The state also suggests that we should dismiss the appeal for certain, minor flaws in defendant's pro se appellate brief. We decline to do so. Rather, in the interests of justice, we will address the assignment of error presently before us.

{¶ 9} Defendant asserts that the trial court erred by sentencing him to a 24-month prison term, and failing to "add the concurrent court case's jail-time credit." (Appellant's Brief, 4.) Defendant contends that he is entitled to jail-time credit pursuant to *Fugate*. In *Fugate*, the Supreme Court of Ohio held that "[w]hen a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." *Id.* at syllabus.

Defendant's contentions regarding his jail-time credit, however, are barred by res judicata.

{¶ 10} R.C. 2967.191 entitles a defendant to jail-time credit for "the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." This court "has consistently held that 'the doctrine of res judicata applies to a jail-time credit motion that alleges an erroneous legal determination on jail-time credit." *State v. Inboden*, 10th Dist. No. 14AP-312, 2014-Ohio-5762, ¶ 7, quoting *State v. Roberts*, 10th Dist. No. 10AP-729, 2011-Ohio-1760, ¶ 6. However, effective September 2012, R.C. 2929.19(B)(2)(g)(iii) now provides as follows:

> The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(g)(i) of this section. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion. If the court changes the number of days in its determination or redetermination, the court shall cause the entry granting that change to be delivered to the department of rehabilitation and correction without delay. Sections 2931.15 and 2953.21 of the Revised Code do not apply to a motion made under this section.

{¶ 11} Thus, R.C. 2929.19(B)(2)(g)(iii) provides a trial court with continuing jurisdiction to correct any jail-time credit error, so long as the error was "not previously raised at sentencing." Res judicata is therefore inapplicable to jail-time credit issues which could have been raised at sentencing but were not. *Inboden* at ¶ 8. Herein, however, the jail-time credit issue was thoroughly raised and addressed at sentencing. The trial court informed defendant that it was going to apply his jail-time credit to the probation revocation cases, terminate defendant's probation as unsuccessful, and sentence defendant to a 24-month term of imprisonment on the WUD charge. The court specifically informed defendant that there would be no jail-time credit to apply to the 24-month sentence, as the court had "burned your jail credit on all the other cases." (Tr. 20.)

{¶ 12} Accordingly, as jail-time credit was raised and addressed at the sentencing, R.C. 2929.19(B)(2)(g)(iii) does not apply in this case. Because R.C. 2929.19(B)(2)(g)(iii) does not apply, we must consider whether res judicata applies, consistent with our pre-

enactment case law. *Inboden* at ¶ 11. Our pre-enactment case law states that "a defendant may only contest a trial court's calculation of jail-time credit in an appeal from the judgment entry containing the allegedly incorrect calculation." *State of Ohio v. Lomack,* 10th Dist. No. 04AP-648, 2005-Ohio-2716, ¶ 11. However, "if the trial court makes a mathematical mistake, rather than an erroneous legal determination, in calculating the jail-time credit, then a defendant may seek judicial review via a motion for correction before the trial court." *Id.*

{¶ 13} In his motion for reduction of prison term, defendant argued that R.C. 2967.191 and *Fugate* obligated the court to apply his jail-time credit from the other cases to his sentence in case No. 13CR-6742. Defendant did not contend that there was any clerical or mathematical error with respect to his jail-time credit. Accordingly, as defendant asserts that the court made a legal rather than a mathematical error, and defendant could have, but did not, file a direct appeal from the lower court's judgment entry imposing sentence in case No. 13CR-6742, res judicata bars defendant's current claim for additional jail-time credit. *See Inboden* at ¶ 11.

{¶ 14} Based on the foregoing, defendant's sole assignment of error is overruled. Having overruled defendant's sole assignment of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER and LUPER SCHUSTER, JJ., concur.

———————————————