[Cite as *State v. Churchill*, 2017-Ohio-2875.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 16AP-763 |
| | | (C.P.C. No. 14CR-3763) |
| v. | : | No. 16AP-764 |
| | | (C.P.C. No. 14CR-3963) |
| Joseph P. Churchill, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 18, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *Joseph P. Churchill*, pro se.

APPEALS from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Joseph P. Churchill, appeals from the decision and entry of the Franklin County Court of Common Pleas denying appellant's motion for jail-time credit. For the following reasons, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant brings consolidated appeals of the denial of his motion for jail-time credit in two cases: common pleas case Nos. 14CR-3963 (16AP-764) and 14CR-3763 (16AP-763). In common pleas case No. 14CR-3963, appellant was indicted on two counts of breaking and entering and two counts of possessing criminal tools. The charges arose from incidents in which appellant allegedly broke into a grocery store and a pizzeria on June 13 and July 8, 2014, respectively, with the purpose to commit a theft offense. In common pleas case No. 14CR-3763, appellant was indicted on one count of breaking and

entering and one count of possessing criminal tools arising from an incident on July 9, 2014 in which appellant allegedly broke into a restaurant with a purpose to commit a theft offense.

{¶ 3} On October 26, 2014, the state filed a motion to join case Nos. 14CR-3963, 14CR-3763, and 14CR-4772, and, on March 2, 2015, moved to join a fourth case, No. 14CR-543. The trial court granted joinder of the cases. On May 24, 2015, the state gave notice that it was intending to use "other acts" evidence arising from case No. 13CR-2619, which, according to the state's notice, appellant had pled guilty to and was serving a sentence on since July 9, 2014. (May 24, 2015 Notice of State's Intention to Use Evidence of Other Acts/Prior Convictions as 404(B) Evidence at 1.)

{¶ 4} After denial of a motion to suppress, appellant entered a guilty plea to one count of breaking and entering in case No. 14CR-3763 and two counts of breaking and entering in case No. 14CR-3963, all felonies of the fifth degree. The state entered a nolle prosequi as to the three remaining counts of possession of criminal tools. On the entry of guilty plea, the prosecution and defense jointly recommended a total aggregate sentence of four years incarceration for all appellant's pending Franklin County cases, which included the two instant common pleas cases on appeal here plus four other common pleas case numbers. The entry of guilty plea for both case Nos. 14CR-3763 and 14CR-3963 state "[p]arties stipulate defendant has 40 days jtc." (Case No. 14CR-3963 Entry of Guilty Plea at 1; Case No. 14CR-3763 Entry of Guilty Plea at 1.)

{¶ 5} The trial court accepted appellant's guilty plea during a hearing held on May 27, 2015. At the hearing, defense counsel stated that the parties stipulated to 40 days of jail-time credit. The trial court asked and appellant indicated that he understood the joint recommendation was a sentence of 4 years in prison for all 6 cases with 40 days of jail-time credit.

{¶ 6} By a judgment entry dated the same day, the trial court followed the joint recommendation. The court imposed consecutive 12-month sentences on each of the 2 counts of breaking and entering in case No. 14CR-3963 to run consecutively to a 12-month sentence for 1 count of breaking and entering in case No. 14CR-3763 and a sentence in case No. 15CR-543 and concurrently to sentences in case Nos. 14CR-4218, 14CR-4126, and 14CR-4772. The trial court indicated the total sentence on all cases was 4

years incarceration plus restitution and found that appellant had 40 stipulated days of jail-time credit.

{¶ 7} On May 23, 2016, this court filed a sua sponte entry of dismissal pertaining to appellant's motions to amend his untimely notices of appeal. On June 23, 2016, appellant filed a motion for jail-time credit under case Nos. 14CR-3763 and 14CR-3963. In it, appellant asked the common pleas court for an order granting 277 additional days of jail-time credit, as he was held in "FCCCII" in lieu of bail from July 9, 2014 to June 1, 2015, for a total of 317 days. (June 23, 2016 Mot. for Jail-Time Credit at 2.) The state filed a memorandum contra on June 28, 2016 arguing that res judicata barred the claim of error and that, regardless, the court had discretion under R.C. 2929.19(B)(2)(g)(iii) to deny the motion for jail-time credit absent a demonstration of error. Appellant replied by asserting that in June 2016, he "noticed that he had only been awarded forty (40) days jail time credit" and characterized his jail-time credit claim as a miscalculation or mathematical error. (July 21, 2016 Appellant's Reply to State's Opp. Mot. to Jail-Time Credit at 2.)

{¶ 8} On October 21, 2016, the trial court entered a decision and entry denying appellant's motion for jail-time credit. The trial court decision states that there was a discussion of the allocation of jail-time credit at the hearing and that counsel stipulated to, and the trial court granted, 40 days of jail-time credit in case Nos. 14CR-3763 and 14CR-3963.

{¶ 9} Appellant filed a timely appeal to this court.

## II. ASSIGNMENT OF ERROR

{¶ 10} Appellant presents one assignment of error:

> Trial Court erred when it did not correctly and factually, calculate the appellant's jail-time credit and apply it to his 48 month sentence.

## III. DISCUSSION

{¶ 11} Under the first assignment of error, appellant contends that the trial court erred in not "correctly and factually" calculating and applying appellant's jail-time credit pursuant to R.C. 2929.19(B)(2)(g)(i). (Appellant's Brief at 3.) For the following reasons, we disagree.

{¶ 12} "R.C. 2967.191 entitles appellant to jail-time credit for 'the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced.' "  *State v. Lee*, 10th Dist. No. 11AP-721, 2012-Ohio-1761, ¶ 6, citing R.C. 2967.191.  Pursuant to R.C. 2929.19(B)(2)(g)(i):

> [I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * * [d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term under section 2967.191 of the Revised Code.  The court's calculation shall not include the number of days, if any, that the offender previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

{¶ 13} Furthermore, "[t]he sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under [the jail-time credit provision] of this section."  R.C. 2929.19(B)(2)(g)(iii).  Thus, "[t]he offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under [the jail-time credit provision] of this section, and the court may in its discretion grant or deny that motion."  R.C. 2929.19(B)(2)(g)(iii).

{¶ 14} In light of the legislature's enactment of R.C. 2929.19(B)(2)(g)(iii), this court has held that res judicata does not apply to jail-time credit issues "which could have been raised at sentencing but were not."  *State v. Watters*, 10th Dist. No. 15AP-742, 2015-Ohio-5473, ¶ 11.  In the opposite scenario, where issues of jail-time credit were raised and addressed at the sentencing hearing, thus rendering R.C. 2929.19(B)(2)(g)(iii) inapplicable, we have considered whether res judicata applies consistently with our pre-enactment case law.  *Id.* at ¶ 12.  According to our pre-enactment case law, this court distinguished between allegations of mathematical error and legal error and applied the doctrine of res judicata to jail-time credit motions that

allege an erroneous legal determination.  *Id.* at ¶ 10; *State v. Inboden*, 10th Dist. No. 14AP-312, 2014-Ohio-5762, ¶ 7.

{¶ 15} The person challenging a trial court's finding of jail-time credit has the burden to show an error in the jail-time credit calculation.  *State v. Thomas*, 10th Dist. No. 12AP-144, 2012-Ohio-4511, ¶ 9.  "If the appellant has failed to demonstrate error and no miscalculation in the jail-time credit is apparent from the record, any claimed error must be overruled."  *Id.*

{¶ 16} Here, appellant first implies that the trial court made a mathematical error during sentencing to arrive at 40 days of jail-time credit.  The record clearly reflects that the parties stipulated to 40 days of jail-time credit.  Furthermore, the record does not otherwise demonstrate that the trial court erred in retaining 40 days of jail-time credit and denying appellant's motion.  Although appellant asserts a period of 317 days of jail detention, the award of jail-time credit on a particular case is based only on jail detention "arising out of the offense for which the prisoner was convicted."  R.C. 2967.191. Appellant appealed a denial of his motion for jail-time credit on two instant underlying criminal cases, but the record shows that he was indicted on four more cases and had a recent prior conviction.  In other words, appellant has not met his burden on appeal to show how he is entitled to the 277 days additional on this record.  *Id.* at ¶ 13 (appellant who failed to establish the required connection between the jail-time confinement and the offense on which the defendant was convicted did not succeed in demonstrating the trial court erred); App.R. 16(A)(7).

{¶ 17} Appellant next argues that in the context of consecutive sentences, "[j]ail-time credit applied to one prison term gives full credit that is due because the credit reduces the entire length of the prison sentence."  (Appellant's Brief at 4.)  Appellant seems to be making an argument on appeal about allocation of jail-time credit and consecutive sentencing.  He asserts this issue was not specifically addressed at the sentencing hearing, which, pursuant to R.C. 2929.19(B)(2)(g)(iii), invokes the trial court's continuing jurisdiction to correct the problem.

{¶ 18} Appellant's motion for jail-time credit to the trial court simply claimed that he was in jail for a period of 317 days, from July 9, 2014 to June 1, 2015, and that the court incorrectly awarded him only 40 days of jail-time credit, thereby entitling him to 277

additional days. To the extent appellant is raising issues of consecutive sentencing that were not raised to or addressed by the trial court, we decline to address this issue for the first time on appeal. *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 18; *Tucker v. Leadership Academy for Math*, 10th Dist. No. 14AP-100, 2014-Ohio-3307, ¶ 20. Furthermore, we are unclear from appellant's subsequent briefs and the record how his argument regarding allocation of jail-time credit and consecutive sentencing applies to support his motion for 277 additional days of jail-time credit or how this argument would render the trial court's decision to deny the motion an abuse of discretion under R.C. 2929.19(B)(2)(g)(iii) on this record.

{¶ 19} Considering all the above, appellant has not demonstrated that the trial court erred in denying his motion for jail-time credit. *Abraham v. BP Exploration & Oil, Inc.*, 149 Ohio App.3d 471, 2002-Ohio-4392, ¶ 33 (10th Dist.); App.R. 16(A)(7); *Thomas* at ¶ 9-13.

{¶ 20} Accordingly, appellant's sole assignment of error is overruled.

## IV. CONCLUSION

{¶ 21} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and BRUNNER, JJ., concur.

_____